UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN H. ELLIS,       )<br>                     )<br>    Plaintiff,   )<br>                     )<br>vs.                  )<br>                     )<br>REINSURANCE ASSOCIATES, INC., a Missouri )<br>corporation, MATTHEW T. CROAK, JAMES )<br>PORTELL, and RICHARD BANKS CROAK, )<br>                     )<br>    Defendants.  ) | Case No.:    4:07CV1857 DJS<br><br>JURY TRIAL DEMANDED ON<br>COUNTS II, III AND IV |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**COUNT I**

**VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA), 29 U.S.C. §1002, §1003, §1102, §1104, §1105, §1132 AND §1140 - AGAINST DEFENDANTS REINSURANCE ASSOCIATES, INC., MATTHEW T. CROAK AND RICHARD BANKS CROAK**

COMES NOW Plaintiff, John H. Ellis, by counsel, and for Count I of his First Amended Complaint against Defendants, Reinsurance Associates, Inc., a Missouri corporation, Matthew T. Croak and Richard Banks Croak, states to the Court as follows:

1.      That Plaintiff, John H. Ellis, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of St. Louis County, Missouri.

2.      That Defendant, Reinsurance Associates, Inc., is, and was at all times pertinent to this cause of action herein, a Missouri corporation, licensed and in good standing to do business in the state of Missouri, with an office located in St. Louis County, Missouri.

3.      That Defendant, Matthew T. Croak, is, and was at all times pertinent to this cause of

1

action herein, the President and Owner of Reinsurance Associates, Inc.

4. That Defendant, Richard Banks Croak, is, and was at all times pertinent to this cause of action herein, the past President and Owner of Reinsurance Associates, Inc.

5. That jurisdiction over Count I of this First Amended Complaint is based on the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1002, §1003, §1102, §1104, §1105, §1132 and §1140.

6. That Defendant, Reinsurance Associates, Inc., is an employer within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1002 et seq., in that said Defendant is, and was at all times pertinent to this cause action herein, engaged in an industry affecting commerce.

7. That Plaintiff was employed with Defendant, Reinsurance Associates, Inc., from November 1, 2005 until he was terminated from his employment on July 12, 2007.

8. That during his employment with Defendant, Reinsurance Associates, Inc., Plaintiff held the title of Vice President-Sales and Marketing.

9. That Plaintiff was unconditionally offered, as part of his basic compensation plan when he was hired by Defendant, Reinsurance Associates, Inc., as Vice President-Sales and Marketing, various benefits, including a pension/profit sharing plan with company contributions of 20% of his W-2 income.

10. That the pension/profit sharing plan which Plaintiff was entitled to while he was employed with Defendant, Reinsurance Associates, Inc., was a "defined" pension/profit sharing plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1002 et seq.

11. That Defendant, Matthew T. Croak, is, and was at all times pertinent to this cause of

action herein, a fiduciary for ERISA purposes of the pension/profit sharing plan of Defendant, Reinsurance Associates, Inc., and, as such, owed fiduciary duties to the pension/profit sharing plan and to Plaintiff as a beneficiary thereof, as Defendant, Matthew T. Croak, exercised discretionary authority or control respecting management and administration of the plan and disposition of its assets.

12. That Defendant, Richard Banks Croak, was at all times pertinent to this cause of action herein, a fiduciary for ERISA purposes of the pension/profit sharing plan of Defendant, Reinsurance Associates, Inc., and, as such, owed fiduciary duties to the pension/profit sharing plan and to Plaintiff as a beneficiary thereof, as Defendant, Richard Banks Croak, exercised discretionary authority or control respecting management and administration of the plan and disposition of its assets.

13. The Defendant, Reinsurance Associates, Inc., intentionally violated its obligations owed to Plaintiff by failing to contribute to his pension/profit sharing plan the agreed upon contribution of 20% of his W-2 income, but instead only contributed the amount of $1,583.23 to said pension/profit sharing plan.

14. That Defendants, Matthew T. Croak and Richard Banks Croak, individually and in their capacity as fiduciaries of the pension/profit sharing plan of Defendant, Reinsurance Associates, Inc., intentionally violated their obligations owed to Plaintiff by failing to ensure that he was provided the contributions which he was entitled to under his pension/profit sharing plan of 20% of his W-2 income.

15. That Plaintiff is presently entitled to a company contribution amounting to $30,050.00 toward his pension/profit sharing plan, less the contribution previously made of $1,583.23, resulting

3

in a net balance owing of $28,466.77 toward said pension/profit sharing plan.

16. Furthermore, Defendant, Reinsurance Associates, Inc., as well as Defendants, Matthew T. Croak and Richard Banks Croaks, individually and in their capacity as fiduciaries of the pension/profit sharing plan of Defendant, Reinsurance Associates, Inc., have intentionally violated ERISA by not providing Plaintiff and other participants and beneficiaries certain required documents, including the Summary Plan Description (SPD) and the Summary Annual Report (SAR), and by failing to exercise their fiduciary responsibility to select the best standard funds for the plan participants, including Plaintiff.

WHEREFORE, Plaintiff, John H. Ellis, prays for judgment in Count I of his First Amended Complaint against Defendants, Reinsurance Associates, Inc., a Missouri corporation, Matthew T. Croak and Richard Banks Croak, jointly and severally, for actual damages in the amount of Twenty-Eight Thousand Four Hundred Sixty-Six Dollars and Seventy-Seven Cents ($28,466.77); pre-judgment interest; liquidated (ie., double) damages; for his reasonable attorney's fees incurred herein; for appropriate civil monetary penalties; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

## COUNT II

### BREACH OF CONTRACT-AGAINST REINSURANCE ASSOCIATES, INC.

COMES NOW Plaintiff, John H. Ellis, by counsel, and for Count II of his First Amended Complaint against Defendant, Reinsurance Associations, Inc., a Missouri corporation, states to the Court as follows:

1. That Plaintiff, John H. Ellis, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and resident of St. Louis County, Missouri.

2. That Defendant, Reinsurance Associates, Inc., is, and was at all times pertinent to this cause of action herein, a Missouri corporation, licensed and in good standing to do business in the state of Missouri, with an office located in St. Louis County, Missouri.

3. That jurisdiction over Court II of this First Amended Complaint is based on this Court's pendente jurisdiction over state law claims.

4. That Plaintiff was employed with Defendant, Reinsurance Associates, Inc., from November 1, 2005 until he was terminated from his employment on July 12, 2007.

5. That during his employment with Defendant, Reinsurance Associates, Inc., Plaintiff held the title of Vice President-Sales and Marketing.

6. That Plaintiff was unconditionally offered, as part of his basic compensation plan when he was hired by Defendant, Reinsurance Associates, Inc., as Vice President-Sales and Marketing, various benefits, including a pension/profit sharing plan with company contributions of 20% of his W-2 income.

7. That Defendant, Reinsurance Associates, Inc., failed to contribute to Plaintiff's pension/profit sharing plan the agreed upon contribution of 20% of his W-2 income, but instead only contributed the amount of $1,583.23 to said pension/profit sharing plan.

8. That Plaintiff is presently entitled to a company contribution amounting to $30,050.00 toward his pension/profit sharing plan, less the contribution previously made of $1,583.23, resulting in a net balance owing of $28,466.77 toward said pension/profit sharing plan.

WHEREFORE, Plaintiff, John H. Ellis, prays for judgment in Count II of his First Amended Complaint against Defendant, Reinsurance Associates, Inc., a Missouri corporation, for actual damages in the amount of Twenty-Eight Thousand Four Hundred Sixty Six Dollars and Seventy

Seven Cents ($28,466.77); pre-judgment interest; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT -AGAINST RICHARD BANKS CROAK

COMES NOW Plaintiff, John H. Ellis, by counsel, and for Count III of his First Amended Complaint against Defendant, Richard Banks Croak, states to the Court as follows:

1.      That Plaintiff, John H. Ellis, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of St. Louis County, Missouri.

2.      That Defendant, Richard Banks Croak, is, and was at all times pertinent to this cause of action herein, a resident of Franklin County, Missouri.

3.      That jurisdiction over Count III of this First Amended Complaint is based on this Court's pendente jurisdiction over state law claims.

4.      That Defendant, Richard Banks Croak, was previously the President and Owner of Reinsurance Associates, Inc. and had hired Plaintiff to work for Reinsurance Associates, Inc., starting November 1, 2005.

5.      That Defendant, Richard Banks Croak, thereafter sold Reinsurance Associates, Inc. to his nephew, Matthew T. Croak, with the effective date of this sale being May 16, 2007.

6.      That Plaintiff and Defendant, Richard Banks Croak, entered into an oral contract wherein Defendant, Richard Banks Croak, agreed that, in consideration for Plaintiff continuing his employment relationship with Reinsurance Associates, Inc. after the change in ownership to Richard Banks Croak's nephew, Matthew T. Croak, Plaintiff would be "untouchable and protected".

7.      That, in fact, this same offer was made to Plaintiff by Defendant, Richard Banks

Croak, on at least two (2) previous occasions when outside entities were reviewing the acquisition of Reinsurance Associates, Inc.

8. That Plaintiff honored his part of the agreement with Defendant, Richard Banks Croak, by continuing his employment with Reinsurance Associates, Inc. after Defendant, Richard Banks Croak, sold the Company to his nephew, Matthew T. Croak.

9. Thereafter, on July 12, 2007, Plaintiff was terminated from his employment with Reinsurance Associates, Inc.

10. That Defendant, Richard Banks Croak, has breached the agreement that he entered into with Plaintiff, that being that Defendant, Richard Banks Croak, agreed that Plaintiff would be "untouchable and protected" after the Company was sold to his nephew, Matthew T. Croak, as Plaintiff has not been "protected" but instead has been terminated from his employment with Reinsurance Associates, Inc.

11. That as a proximate result of Defendant, Richard Banks Croak, breaching his agreement with Plaintiff and Plaintiff being terminated from his employment with Reinsurance Associates, Inc., Plaintiff has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits as well as emotional distress and family turmoil.

WHEREFORE, Plaintiff, John H. Ellis, prays for judgment in Count III of his First Amended Complaint for Damages against Defendant, Richard Banks Croak, for actual damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00);  for his Court costs and expenses incurred herein;  and for whatever and further relief the Court deems just and proper.

## COUNT IV

### AGE DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, R. S. MO. §213.010 ET SEQ.-AGAINST REINSURANCE ASSOCIATES, INC., MATTHEW T. CROAK AND JAMES PORTELL

COMES NOW Plaintiff, John H. Ellis, by counsel, and for Count IV of his First Amended Complaint against Defendants, Reinsurance Associates, Inc., a Missouri corporation, Matthew T. Croak and James Portell, states to the Court as follows:

1. That Plaintiff, John H. Ellis, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of St. Louis County, Missouri.

2. That Defendant, Reinsurance Associates, Inc., is, and was at all times pertinent to this cause of action herein, a Missouri corporation, licensed and in good standing to do business in the state of Missouri, with an office located in St. Louis County, Missouri.

3. That Defendant, Matthew T. Croak, is, and was at all times pertinent to this cause of action herein, the President and Owner of Reinsurance Associates, Inc..

4. That Defendant, James Portell, is, and was at all times pertinent to this cause of action herein, the Vice President-Operations of Reinsurance Associates, Inc.

5. That jurisdiction over Count IV of this First Amended Complaint is based on this Court's pendente jurisdiction over state law claims.

6. That Defendant, Matthew T. Croak, is an agent and employee of Defendant, Reinsurance Associates, Inc., who, with respect to the actions taken with respect to Plaintiff described herein, was directly acting in the interest of Defendant, Reinsurance Associates, Inc., such that Defendant, Matthew T. Croak, is an employer within the meaning of the Missouri Human Rights Act, R. S. Mo. §213.010(7).

8

7. That Defendant, James Portell, is an agent and employee of Defendant, Reinsurance Associates, Inc., who, with respect to the actions taken with respect to Plaintiff described herein, was directly acting in the interest of Defendant, Reinsurance Associates, Inc., such that Defendant, James Portell, is an employer within the meaning of the Missouri Human Rights Act, R. S. Mo. §213.010(7).

8. That Plaintiff was employed with Defendant, Reinsurance Associates, Inc., from November 1, 2005 until he was terminated from his employment on July 12, 2007.

9. That during his employment with Defendant, Reinsurance Associates, Inc., Plaintiff held the title of Vice President-Sales and Marketing.

10. That Plaintiff's date of birth is June 30, 1952, wherein he was age 55 on July 12, 2007, the date of his termination.

11. That throughout the time in which Plaintiff was employed with Defendant, Reinsurance Associates, Inc., Plaintiff performed his job satisfactorily.

12. That Plaintiff was bullied and harassed by Defendants, Matthew T. Croak and James Portell, and ultimately terminated from his employment, because of his age.

13. That the conduct of Defendants in bullying and harassing Plaintiff, and then in terminating Plaintiff from his employment, because of his age was done willfully, wantonly, maliciously and/or with evil motive or in reckless disregard for the rights of Plaintiff.

14. That on July 20, 2007, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, which was assigned Case Number FE-7/07-05722 by the Missouri Commission on Human Rights, charging Defendants with unlawful age discrimination in violation of the Missouri Human Rights Act, R. S. Mo. §213.010 et seq.

15.     That the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue, dated September 20, 2007.

16.     That as a proximate result of Defendants terminating Plaintiff because of his age, Plaintiff has sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

17.     Further, that as a proximate result of Defendants engaging in the above-referenced conduct, Plaintiff has sustained emotional distress and family turmoil.

WHEREFORE, Plaintiff, John H. Ellis, prays for judgment in Count IV of his First Amended Complaint against Defendants, Reinsurance Associates, Inc., a Missouri corporation,  Matthew T. Croak and James Portell, jointly and severally, for actual and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00);  reasonable attorney's fees;   for his Court costs and expenses incurred herein;   and for whatever and further relief the Court deems just and proper.

Respectfully Submitted,

BY:     **/s/ David M. Heimos**
        David M. Heimos, #8069
        Attorney for Plaintiff
        230 South Bemiston, Suite 1200
        Clayton, Missouri 63105
        314-862-3333 Ext. 17
        314-862-0605 Fax
        davidmheimos@birch.net   E-mail

**CERTIFICATE OF SERVICE**

It is hereby certified that on this <u>6th</u> day of November, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to Mr. Brett A. Williams, Brown & James, P.C., Attorneys for Defendants, 1010 Market Street, 20th Floor, St. Louis, Missouri 63101.

**<u>/s/ David M. Heimos</u>**