IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN H. ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 4:07-CV-01857-DJS |
| | ) |
| REINSURANCE ASSOCIATES, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

**Count I**

Come now Defendants Reinsurance Associates, Inc., Matthew Croak, and Richard Banks Croak, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for their Answer to Count I of Plaintiff's Second Amended Complaint, respectfully state as follows:

1. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit that Matthew Croak is the current President and owner of Reinsurance Associates, Inc.

4. Defendants admit that Richard Banks Croak was the past President and owner of Reinsurance Associates, Inc.

5. The allegations contained in paragraph 5 call for a legal conclusion to which no response is required.

6. The allegations contained in paragraph 6 call for a legal conclusion to which no response is required.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 call for a legal conclusion to which no response is required.

11. The allegations contained in paragraph 11 call for a legal conclusion to which no response is required.

12. The allegations contained in paragraph 12 call for a legal conclusion to which no response is required.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny each and every other allegation contained in Count I of Plaintiff's Second Amended Complaint not herein specifically admitted.

19. Further answering and for their affirmative defense, Defendants state that Count I of Plaintiff's Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

20. Further answering and for their affirmative defense, Defendants

state that Plaintiff has failed to exhaust his administrative remedies.

21. Further answering and for their affirmative defense, Defendants state that they are not proper parties to this cause of action.

WHEREFORE, having fully answered Count I of Plaintiff's Second Amended Complaint, Defendants Reinsurance Associates, Inc., Matthew Croak, and Richard Banks Croak move for dismissal at Plaintiff's costs and for such other and further relief as the Court deems just and proper under the premises.

**Count II**

Comes now Defendant Reinsurance Associates, Inc., by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for its Answer to Count II of Plaintiff's Second Amended Complaint, respectfully states as follows:

1. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 call for a legal conclusion to which no response is required.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies each and every other allegation contained in Count II of Plaintiff's Second Amended Complaint not herein specifically admitted.

10. Further answering and for its affirmative defense, Defendant states that Count II of Plaintiff's Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

11. Count II of the Second Amended Complaint purports to assert a state law claim for breach of contract. Section 514 of the Employee Retirement Income Security Act preempts such claim.

WHEREFORE, having fully answered Count II of Plaintiff's Second Amended Complaint, Defendant Reinsurance Associates, Inc. moves for dismissal at Plaintiff's costs and for such other and further relief as the Court deems just and proper under the premises.

### Count III

Comes now Defendant Richard Banks Croak, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for his Answer to Count III of Plaintiff's Second Amended Complaint, respectfully states as follows:

1. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 call for a legal conclusion to which no response is required.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies each and every other allegation contained in Count III of Plaintiff's Second Amended Complaint not herein specifically admitted.

13. Further answering and for his affirmative defense, Defendant states that Count III of Plaintiff's Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

14. Further answering and for his affirmative defense, Defendant states that Count III of Plaintiff's Second Amended Complaint is barred by the Statute of Frauds.

15. Further answering and for his affirmative defense, Defendant states that the purported contract is too uncertain and indefinite to be enforceable.

WHEREFORE, having fully answered Count III of Plaintiff's Second Amended Complaint, Defendant Richard Banks Croak moves for dismissal at Plaintiff's costs and for such other and further relief as the Court deems just

and proper under the premises.

## Count IV

Come now Defendants Reinsurance Associates, Inc., Matthew Croak, and James Portell, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for their Answer to Count IV of Plaintiff's Second Amended Complaint, respectfully states as follows:

1. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 call for a legal conclusion to which no response is required.

6. The allegations contained in paragraph 6 call for a legal conclusion to which no response is required.

7. The allegations contained in paragraph 7 call for a legal conclusion to which no response is required.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny each and every other allegation contained in Count IV of Plaintiff's Second Amended Complaint not herein specifically admitted.

19. Further answering and for their affirmative defense, Defendants state that Count IV of Plaintiff's Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

20. Further answering and for their affirmative defense, Defendants state that whatever damages, if any, Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

21. Further answering and for their affirmative defense, Defendants state that Plaintiff has failed to comply with the statutory and regulatory requirements necessary to bring this action against Defendants.

22. Further answering and for their affirmative defense, Defendants state that Plaintiff failed to exhaust his administrative remedies.

23. Further answering and for their affirmative defense, Defendants state that Plaintiff's claims are barred by the statute of limitations.

24. Further answering and for their affirmative defense, Defendants state that any actions taken with respect to Plaintiff were done based upon

reasonable factors other than his age.

25. Further answering and for their affirmative defense, Defendants state that Plaintiff's work performance did not meet Defendants' legitimate expectations.

26. Further answering and for their affirmative defense, Defendants state that Plaintiff did not suffer any alleged adverse employment action because of his age.

27. Further answering and for their affirmative defense, Defendants state that it had legitimate, non-discriminatory reasons for any actions taken against Plaintiff.

28. Further answering and for their affirmative defense, Defendants state that Plaintiff's Second Amended Complaint does not state a claim for punitive damages because it violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in the following particulars:

a) Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

i) The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon the defendant for the same act or omission, and because an award of punitive damages can be imposed upon the defendant even though the defendant was convicted or acquitted of a factually related offense in an underlying criminal proceeding; and

ii) The Self-Incrimination Clause is violated because the

defendant can be compelled to give testimony against itself.

b) Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed by a less than unanimous jury and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature.

c) Plaintiff's claim for punitive damages violates Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right.

d) Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

e) Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clause of the Fourteenth Amendment for the following reasons:

    i) The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness;

    ii) Insofar as punitive damages are not measured against actual injury to the Plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded, and the amount of punitive damages that may be awarded is determinate at the time of the defendant's alleged egregious conduct;

    iii) In cases involving more than one defendant, the evidence of

the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

  iv) The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that defendant is denied equal protection of the law;

  v) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive;

  vi) Grossly excessive or arbitrary punishments may be imposed on a party;

  vii) There is no notice of the severity of punishment that may be inflicted for any particular conduct;

  viii) Punitive damages allow for the arbitrary deprivation of property;

  ix) Punitive damages allow for a great disparity between the actual harm suffered and the punitive damages awarded; and

  x) Punitive damages allow for punishment that is unreasonable and not proportionate to the amount of harm Plaintiff has suffered and the amount of damages awarded.

  29. Further answering and for their affirmative defense, Defendants state that Plaintiff's Second Amended Complaint does not state a claim for

punitive damages because it violates Article I, Section 2; Article I, Section 10, Article I, Section 19, Article I, Section 18(a); and Article I, Section 21 of the Missouri Constitution.

WHEREFORE, having fully answered Count IV of Plaintiff's Second Amended Complaint, Defendants Reinsurance Associates, Inc., Matthew Croak, and James Portell move for dismissal at Plaintiff's costs and for such other and further relief as the Court deems just and proper under the premises.

### Count V

Comes now Defendants Reinsurance Associates, Inc., by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for its Answer to Count V of Plaintiff's Second Amended Complaint, respectfully states as follows:

1.  Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1.

2.  Defendant admits the allegations contained in paragraph 2.

3.  The allegations contained in paragraph 3 call for a legal conclusion to which no response is required.

4.  The allegations contained in paragraph 4 call for a legal conclusion to which no response is required.

5.  Defendant admits the allegations contained in paragraph 5.

6.  Defendant admits the allegations contained in paragraph 6.

7.  Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 11.

12. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies each and every other allegation contained in Count V of Plaintiff's Second Amended Complaint not herein specifically admitted.

15. Further answering and for its affirmative defense, Defendant states that Count V of Plaintiff's Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

16. Further answering and for its affirmative defense, Defendant states that whatever damages, if any, Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.

17. Further answering and for its affirmative defense, Defendant states that Plaintiff has failed to comply with the statutory and regulatory requirements necessary to bring this action against Defendants.

18. Further answering and for its affirmative defense, Defendant states that Plaintiff failed to exhaust his administrative remedies.

19. Further answering and for its affirmative defense, Defendant states

that Plaintiff's claims are barred by the statute of limitations.

20.     Further answering and for its affirmative defense, Defendant states that any actions taken with respect to Plaintiff were done based upon reasonable factors other than his age.

21.     Further answering and for its affirmative defense, Defendant states that Plaintiff's work performance did not meet Defendant's legitimate expectations.

22.     Further answering and for its affirmative defense, Defendant states that Plaintiff did not suffer any alleged adverse employment action because of his age.

23.     Further answering and for its affirmative defense, Defendant states that it had legitimate, non-discriminatory reasons for any actions taken against Plaintiff.

WHEREFORE, having fully answered Count V of Plaintiff's Second Amended Complaint, Defendant Reinsurance Associates, Inc. moves for dismissal at Plaintiff's costs and for such other and further relief as the Court deems just and proper under the premises.

/s/ Brett A. Williams
Lawrence B. Grebel  #3262
*lgrebel@bjpc.com*
Brett A. Williams  #109048
*bwilliams@bjpc.com*
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Facsimile)

Attorneys for Defendants
Reinsurance Associates, Inc.,
Matthew Croak, James Portell,
and Richard Banks Croak

## Certificate of Service

I hereby certify that on this 2nd day of January, 2008, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

David M. Heimos, Esq.
230 S. Bemiston, Suite 1200
Clayton, Missouri 63105
*Attorney for Plaintiff*

/s/ Brett A. Williams

LBG/baw/8211337